IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| C-CATION TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 15-295 (RGA) |
| | ) |
| ATLANTIC BROADBAND GROUP, LLC, | ) |
| BAJA BROADBAND, LLC, BRIGHT | ) |
| HOUSE NETWORKS, LLC, | ) |
| CABLEVISION SYSTEMS | ) |
| CORPORATION, COX | ) |
| COMMUNICATIONS, INC., MEDIACOM | ) |
| COMMUNICATIONS CORPORATION, | ) |
| METROCAST CABLEVISION, LLC, RCN | ) |
| TELECOM SERVICES, LLC, | ) |
| WAVEDIVISION HOLDINGS, LLC and | ) |
| WIDEOPENWEST FINANCE, LLC, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO LIFT THE STAY AND**
**FOR ENTRY OF JUDGMENT IN FAVOR OF DEFENDANTS**

This is a patent infringement action filed on April 7, 2015. This Court granted the parties' joint stipulation to stay this action pending completion of an *Inter Partes* review ("IPR") of the patent-in-suit before the Patent Trial and Appeal Board ("PTAB") at the United States Patent and Trademark Office ("PTO"), and subsequently extended the stay through Plaintiff C-Cation Technologies, LLC's ("C-Cation") appeal to the Federal Circuit. (D.I. 29; D.I. 31; D.I. 38; D.I. 39.) On August 11, 2017, the Federal Circuit affirmed the PTAB's decision that the asserted claims are unpatentable and, on September 18, 2017, the Federal Circuit issued its mandate. Accordingly, Defendants Atlantic Broadband Group, LLC, Baja Broadband, LLC, Bright House Networks, LLC, Cablevision Systems Corporation, Cox Communications, Inc., Mediacom Communications, Corp., RCN Telecom Services, LLC, WaveDivision Holdings,

LLC, and WideOpenWest Finance, LLC (collectively "Defendants") now respectfully move to lift the stay of this action and for entry of judgment in their favor on C-Cation's Complaint.

## RELEVANT FACTS AND BACKGROUND

C-Cation filed this action on April 7, 2015 alleging that Defendants infringe U.S. Patent No. 5,563,883 (the "'883 patent"). (D.I. 1.) The Rule 16 conference has not been held and no scheduling order has been entered. One of Defendants' suppliers, ARRIS Group, Inc. had filed a petition for IPR of claims 1, 3, and 4 of the '883 patent (IPR2015-00635) on February 5, 2015. As a result, on August 11, 2015, the parties filed a joint motion to stay the case pending the IPR, with C-Cation acknowledging that "if the PTAB finds that the claims of the '883 patent are unpatentable, the litigation becomes moot." (D.I. 29 at 2.)[1] The Court stayed the case pending disposition of the IPR on August 12, 2015. (D.I. 31.) On July 28, 2016, the PTAB held that the claims are unpatentable over the prior art. (Ex. A, IPR2015-00635, Paper No. 55, Final Written Decision at 2, 40.) C-Cation appealed to the Federal Circuit. On April 18, 2017, this Court extended the stay through disposition of the appeal. (D.I. 38; D.I. 39.) On August 11, 2017, the Federal Circuit affirmed the PTAB's decision that claims 1, 3, and 4 of the '883 patent are unpatentable. (Ex. B, Appeal No. 2016-2561, D.I. 42, Judgment at 2.) On September 1, 2017, the Federal Circuit denied C-Cation's motion to stay the issuance of the mandate in the appeal. (Ex. C, Appeal No. 2016-2561, D.I. 44, Order.) On September 18, 2017, the Federal Circuit

---

[1] C-Cation's infringement claims are limited to claims 1, 3, and 4 of the '883 patent as demonstrated by: (1) its admission that a ruling of unpatentability of these specific claims by the PTAB would "moot" this litigation (D.I. 29 at 2); and (2) its infringement allegations which are based solely on Defendants' use of components supplied by ARRIS Group, Inc., Casa Systems, Inc., and/or Cisco Systems, Inc. (D.I. 1, ¶20.) C-Cation filed a separate action against these suppliers solely for infringement of claims 1, 3, and 4 the '883 patent in the Eastern District of Texas in *C-Cation Techs., LLC v. Time Warner Cable Inc., et al.*, No. 2:14-cv-059-JRG-RSP (E.D. Tex.).

issued the formal mandate pursuant to Fed. R. App. P. 41. (Ex. D, Appeal No. 2016-2561, D.I. 45, Mandate.)[2]

## ARGUMENT

### I. THE COURT SHOULD LIFT THE STAY

The Court may lift a stay "[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate." *Fifth Market, Inc. v. CME group, Inc.*, No. 08-520, 2013 WL3063461, *1, fn.1 (D. Del. June 19, 2013) (internal quotations and citation omitted.) Here, C-Cation acknowledged that "if the PTAB finds that the claims of the '883 patent are unpatentable, the litigation becomes moot" (D.I. 29 at 2) and the claims have now been held unpatentable by the PTAB, which has been affirmed by the Federal Circuit. Accordingly, the reasons for the stay no longer exist, and each of the factors that the Court considers in determining whether a stay is appropriate favors lifting the stay. *Fifth Market*, 2013 WL 3063461 at fn.1 (setting forth factors to consider in lifting a stay).

First, the stay has resolved the issues in this case because the Federal Circuit has held that the asserted claims are unpatentable. The Federal Circuit's ruling leaves nothing for the PTO to do with respect to the asserted claims except issue a certificate cancelling the claims—an action that is mandatory and ministerial. *See* 35 U.S.C. § 318(b) (when "any appeal has terminated, the Director shall issue and publish a certificate canceling any claim of the patent finally determined to be unpatentable"). The Federal Circuit's affirmance is thus dispositive and sufficiently final for collateral estoppel to apply here. *See*, *e.g.*, *U.S. Ethernet Innovations, LLC v. Texas Instruments Inc.*, 645 Fed. App'x, 1026, 1029-1030 (Fed. Cir. 2016) (Federal Circuit opinion is

---

[2] C-Cation has indicated that it intends to file a petition for a writ of *certiorari*. However, as discussed below, the pendency of C-Cation's petition does not alter the finality of the Federal Circuit's mandate.

final judgment that is to be given preclusive effect); *Translogic Tech., Inc. v. Hitachi, Ltd.*, 250 F. App'x 988, *1 (Fed. Cir. 2007) (remanding case for dismissal prior to formal cancellation because the patent was held invalid in a "parallel case"); *Rohm & Haas Co. v. Brotech Corp.*, No. 90-109, 1992 WL 313009, at *3 (D. Del. July 16, 1992) (lifting stay before reexamination certificate was issued); FED. R. APP. P. 41(a), (c).[3] It leaves nothing for this Court to do other than enter judgment for the Defendants.

The stage of proceedings also favors lifting the stay. The IPR is complete and this Court may enter judgment in favor of Defendants based on the Federal Circuit decision. *Cf. DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, 70 F. Supp. 3d 808, 815-816 (E.D. Tex. 2014) (Bryson, J.) (lifting stay and granting judgment based on collateral estoppel; rejecting patentee's argument that stay should remain in effect during appeal of other court's judgment); *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1381 (Fed. Cir. 1999)(noting "[t]he established rule in the federal courts . . . that a final judgment retains all of its res judicata consequences pending decision of the appeal . . .")

Based on the Federal Circuit's mandate, a PTO certificate cancelling the asserted claims will issue and inevitably lead to entry of judgment in favor of Defendants. This case already has been pending for over 2.5 years, and any further delay would be prejudicial to Defendants' right to "the just, speedy, and inexpensive determination" of the case. FED. R. CIV. P. 1.

---

[3] "The mandate makes the judgment of the court final …." Ex. E, THE LIFE OF AN APPEAL at 1-2 (*http://www.cafc.uscourts.gov/sites/default/files/rules-of-practice/notices/Life_of_an_Appeal_Narrative_and_flowchart.pdf* (accessed Oct. 6, 2017).) Moreover, the PTAB's judgment also should be afforded preclusive effect. *See, e.g.*, *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1301-1305 (2015) (adjudicative ruling by federal administrative body is "presumptively" final and preclusive even before judicial review); *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982) (state-law administrative agency decision that is not sufficiently final for preclusion becomes preclusive once affirmed by a court).

Although C-Cation has indicated that it intends to file a writ for *certiorari* with the Supreme Court, so that it can attempt to challenge the constitutionality of the IPR process similar to *Oil States Energy Sevs., LLC v. Greene's Energy Group, LLC*, No. 16-712 (2016), that is not a basis to resist entry of judgment. C-Cation failed to raise the defense with the PTAB or the Federal Circuit. (Ex. F, IPR2015-00635, Paper No. 16, C-Cation's Preliminary Response Pursuant to 37 C.F.R. §42.107; Ex. G, IPR2015-00635, Paper No. 30, Patent Owner's Response; Ex. H, Paper No. 54, April 26, 2016 Oral Hearing Tr.)[4] C-Cation chose to limit its appeal to the PTAB's decision that the asserted claims are unpatentable over the prior art and, specifically, the PTAB's claim constructions. (*See* Ex. J, Appeal No. 16-2561, D.I. 24 at 11, Statement of the Issues, Nos. 1-3.) As the Supreme Court has held: "No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *Yakus v. United States*, 321 U. S. 414, 444 (1944). In any event, if the Supreme Court were to grant *certiorari* and reverse the Federal Circuit decision, then this Court could reopen the judgment under Fed. R. Civ. P. 60. But that is not a basis not to enter judgment.

## II. THE COURT SHOULD ENTER JUDGMENT IN FAVOR OF DEFENDANTS

The Federal Circuit's affirmance of the PTAB decision that the asserted claims are unpatentable necessarily requires judgment against C-Cation in this action because it cannot enforce those claims. *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S. Ct. 1920, 1929 (2015)

---

[4] Cox Communications, Inc. also filed a petition for IPR of claims 1, 3, and 4 of the '883 patent (IPR2015-01796). Cox was subsequently joined as a Petitioner in IPR2015-00635. However, prior to joinder, C-Cation waived its right to file a preliminary response in the Cox IPR at all, let alone a response that included a constitutional argument. (Ex. I, IPR2015-01796, Paper No. 8, C-Cation's Election to Waive Its Preliminary Response Pursuant to 37 C.F.R. §42.107(b).)

("To be sure, if at the end of the day … a patent [] is shown to be invalid, there is no patent to be infringed.") Therefore, this Court should enter judgment for Defendants, and against C-Cation.

|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
|  | /s/ *Jack B. Blumenfeld* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014)<br>1201 North Market Street |
| *Attorneys for Defendant Cox Communications, Inc.*: | P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200 |
| Mitchell G. Stockwell<br>Michael J. Turton<br>Richard W. Goldstucker<br>KILPATRICK, TOWNSEND & STOCKTON LLP<br>1100 Peachtree Street NE, Suite 2800<br>Atlanta, GA 30309<br>(404) 815-6214 | jblumenfeld@mnat.com<br><br>*Attorneys for Defendants* |

*Attorneys for Defendants Atlantic Broadband Group, LLC, Baja Broadband, LLC, Bright House Networks, LLC, Cablevision Systems Corporation, Mediacom Communications, Corp., RCN Telecom Services, LLC, WaveDivision Holdings, LLC and WideOpenWest Finance, LLC*:

Charles K. Verhoeven
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Edward J. DeFranco
Matthew A. Traupman
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue
New York, NY 10010
(212) 849-7000

October 27, 2017

## RULE 7.1.1 CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the plaintiff and that we have not been able to reach agreement.

/s/ *Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 27, 2017, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu A. Palapura, Esquire<br>Stephanie E. O'Byrne, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza – 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Shelia Mortazavi, Esquire<br>David J. Kaplan, Esquire<br>KENYON & KENYON LLP<br>One Broadway<br>New York, NY 10004-1007<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)